# United States Court of Appeals
# for the Fifth Circuit

---

No. 22-10952
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
May 1, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Julio Cesar De La Rosa-De La Cerda,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:22-CR-133-1

---

Before Higginbotham, Graves, and Ho, *Circuit Judges*.

Per Curiam:[*]

Julio Cesar De La Rosa-De La Cerda appeals his conviction and sentence for illegal reentry into the United States under 8 U.S.C. § 1326(a) and (b)(2). According to De La Rosa-De La Cerda, the recidivism enhancement in § 1326(b) defines an offense separate from that set forth in § 1326(a). Therefore, his sentence under § 1326(b) exceeds the applicable

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

statutory maximum established by § 1326(a) based on facts that are neither alleged in the indictment nor found by a jury beyond a reasonable doubt, and so violates due process.

The Government has filed an unopposed motion for summary affirmance, averring that this argument is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). Alternatively, the Government requests an extension of thirty days in which to file a merits brief. Although De La Rosa-De La Cerda acknowledges his argument is foreclosed by *Almendarez-Torres*, he nevertheless seeks to preserve the issue for possible Supreme Court review. Because the Government and De La Rosa-De La Cerda are correct that his argument is foreclosed, *see United States v. Pervis*, 937 F.3d 546, 553–54 (5th Cir. 2019), summary disposition is appropriate, *see Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Accordingly, the Government's motion for summary affirmance is GRANTED, the judgment is AFFIRMED, and the Government's alternative motion for an extension of time to file a brief is DENIED AS MOOT.